UNITED STATES DISTRICT COURT
EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

RELIABLE CARRIERS, INC.,

                Plaintiff,                Case No.: 12-cv-10770
                                                    Honorable Mark A. Goldsmith
      v.                                         Magistrate Judge David R. Grand

TAYLOR ONLINE MARKETING, et al.,

                Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
MOTION TO STRIKE DEFENDANTS' MOTION TO DISMISS [11]**

Before the court is plaintiff's Motion to Strike Defendants' Motion to Dismiss [11] on grounds of failure to comply with the Federal Rules of Civil Procedure and the local rules, and as an improper attempt by an individual layperson to represent corporate defendants. All pretrial matters in this case have been referred to this court for determination pursuant to 28 U.S.C. § 636(b)(1)(A) and (B).

**I.    BACKGROUND**

On February 20, 2012, plaintiff Reliable Carriers, Incorporated ("Reliable") filed a complaint in this court against defendants Tony Taylor ("Taylor"), and two corporations, Taylor Online Marketing and A-1 Auto Transport Inc. (collectively, "the corporate defendants") alleging trademark infringement and unfair competition, including the use by the defendants of a domain name (the "Infringing Domain Name") that infringes Reliable's protected trademark.

On March 5, 2012, Taylor wrote a letter to the court in which he admits that "a company [he] own[s] owns the [Infringing Domain Name]." [7]. However, Taylor asked the court to dismiss the complaint against him and the corporate defendants based on a lack of personal

jurisdiction. [7]. Taylor argued that neither he nor the corporate defendants had ever done business in the state of Michigan. On March 26, 2012, Reliable moved to strike Taylor's letter as not being a properly filed motion pursuant to this district's Local Rules, and not properly served pursuant to the Federal Rules of Civil Procedure. [11]. Reliable also argues that Taylor was not capable of representing the two corporate defendants. In the alternative, Reliable argues that personal jurisdiction exists over the defendants, and provides a number of exhibits purporting to show that Taylor and both corporate defendants purposefully availed themselves of doing business in Michigan by advertising their services through an interactive website accessible to and specifically directed at Michigan residents, by doing business in Michigan, and by calling plaintiff's Michigan counsel to offer to sell the alleged Infringing Domain Name to Reliable.

## II.   ANALYSIS

### A.   *Motion to Strike with Regards to Tony Taylor*

Eastern District of Michigan Local Rule 5.1 requires that all papers filed with the court be in a specific format. Local Rule 7.1 requires a party who desires to file a motion to first attempt to obtain the opposing party's concurrence, to apprise the court in its motion of its efforts in that regard, and to provide the court with a separate brief that concisely states the issues presented and the controlling authority for the motion. E.D. Mich. LR 7.1(a)(1)-(2); (d)(1). Federal Rule of Civil Procedure 5(b)(1)(E) states that electronic service of a party's filings on another party may only be made if the receiving party consented in writing to such service.

Here, Taylor's letter conforms to none of these rules. The format of his letter lacks any of the requirements of the Local Rules. He makes no statement regarding an attempt to confer with Reliable, nor does he make a concise statement of the issues presented or provide any

controlling legal authority. Furthermore, according to Reliable, it did not consent to electronic service, so Taylor's e-mailing of his letter to Reliable's counsel was improper service under Fed. R. Civ. P. 5(b)(1)(E).

In light of the above, the court could strike Taylor's motion to dismiss in its entirety. However, because he is proceeding *pro se*, the court declines to do so, at least to the extent it is asserted on his own behalf. Local Rules 5.1 and 7.1 are procedural, technical rules that the court applies liberally with respect to *pro se* parties. Furthermore, Local Rule 7.1's concurrence requirement has been described by the Sixth Circuit as "largely an empty formality in the case of dispositive motions since, if the other party agreed, the parties could simply stipulate to a dismissal." *Walls v. Detroit*, 993 F.2d 1548, 1993 U.S. App. LEXIS 12558 at *12 n.2 (6th Cir. May 14, 1993). For these reasons, the court declines to strike the motion to dismiss to the extent it was filed on behalf of Taylor himself, and will address his argument regarding personal jurisdiction in its concurrently-filed report and recommendation.

   *2.  Motion to Strike as Related to the Corporate Defendants*

However, the letter motion to dismiss must be stricken as to the corporate defendants. It is well established that corporations are not permitted to appear in federal court *pro se*, nor are they permitted to appear through a lay person; rather they must appear represented by counsel. 28 U.S.C. § 1654; *United States v. 9.19 Acres of Land, More or Less, in Marquette County, Michigan*, 416 F.2d 1244, 1245 (6th Cir. 1969). Furthermore, a corporate president may not represent his/her corporation before a federal court. *9.19 Acres of Land*, 416 F.2d at 1245; *see also Settlement Facility Dow Corning Trust v. D'Iorio*, No. 11-10562, 2012 U.S. Dist. LEXIS 45078 (E.D. Mich. March 30, 2012). Mr. Taylor was advised multiple times by this court that

the corporate defendants must appear by and through counsel. [*E.g.*, 13, 14].[1] However to this date, no counsel has appeared on the corporate defendants' behalf. Accordingly, Reliable's motion to strike the motion to dismiss as it relates to the corporate defendants will be granted.

### III. CONCLUSION

For the foregoing reasons, the court **GRANTS IN PART** plaintiff's Motion to Strike **[11]** as it relates to Defendants Taylor Online Marketing and A-1 Auto Transport Inc., and **DENIES IN PART** the motion to the extent it relates to Defendant Tony Taylor.

Dated: June 13, 2012  
Ann Arbor, Michigan

s/David R. Grand  
DAVID R. GRAND  
United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 13, 2012.

s/William Barkholz for Felicia M. Moses  
FELICIA M. MOSES  
Case Manager

---

[1] During the initial telephonic hearing, at which Mr. Taylor appeared by phone, he requested an adjournment due to an alleged medical issue. The court granted Mr. Taylor's request, but advised him that no additional adjournments would be granted, and that if he intended to retain counsel for himself and/or the corporate defendants, he should do so right away. The court also made clear that while Taylor could appear at the continued hearing on his own behalf by telephone, the corporate defendants would need to be represented by counsel. On the day of the continued hearing, Mr. Taylor called the court to seek another continuance, again due to an alleged medical issue. The court proceeded with the hearing as scheduled, without any of the defendants appearing.